**FILED**

**JUN 23 2015**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMART AZIKEN, OBO<br>FRIENDSHIP LIMOUSINE<br>TRANSPORTATION SERVICE, LLC<br>1919 9th STREET NW,<br>WASHINGTON, DC 20001<br><br>RENE' FAUNTROY<br>1903 9th STREET NW,<br>WASHINGTON, DC 20001<br><br>WILLIAM LEWIS<br>1919 9th STREET NW,<br>WASHINGTON, DC 20001<br><br>MEZGEBU CEBEYEHU<br>1909 9th STREET NW,<br>WASHINGTON, DC 20001<br><br>BEHZAD H. KHANI<br>1913 9th STREET NW,<br>WASHINGTON, DC 20001<br><br>TAMERU ZEMENFES<br>1917 9th STREET NW,<br>WASHINGTON, DC 20001<br><br>         *Plaintiffs,*<br><br>v.<br><br>FLORIDA AVENUE<br>RESIDENTIAL, LLC<br>2711 CENTERVILLE RD, SUITE 40<br>WILMINGTON, DE 19808<br>   REGISTERED AGENT:<br>   CORPORATION SERVICE COMPANY<br>   1090 VERMONT AVENUE<br>   WASHINGTON, DC 20005<br><br>         *Defendant.* | Case: 1:15-cv-00984<br>Assigned To : Moss, Randolph D.<br>Assign. Date : 6/23/2015<br>Description: TRO/PI   (D Deck) |

[Complaint begins on the following page]

## COMPLAINT

COMES NOW Friendship Limousine Transportation Service, LLC ("Friendship"), by and through undersigned counsel, and for its Complaint against Florida Avenue Residential, LLC ("FAR") states as follows:

### INTRODUCTION

1. Friendship's Complaint asserts causes of action against FAR for the action that it has taken in its construction of a large apartment building at the corner of 9th and U Streets in Northwest Washington, DC. FAR constructed an alleyway in such a way that it is contained entirely within its own structure. The alleyway was formerly available to all other structures located on Square 393 and served as critical access for service vehicles that frequent the commercial structures on 9th Street NW. FAR's structure has severely constrained access to the alleyway and deprives the commercial businesses of service vehicle access necessary for their operation.

2. The ongoing construction by the Defendant has materially altered the Plaintiffs' usage of the alleyway. The obstruction has deprived the Plaintiffs of the sole access point for service and utility vehicles hoping to access their properties, thus impeding their ability to dispose of their waste and provide the necessary maintenance to their facilities as they normally would, which has resulted in significant economic loss.

3. FAR has made assurances to the Plaintiffs that measures would be carried out to mitigate any hardships or economic damage caused by the relocation and obstruction of the shared alleyway, but refused to carry out these measures. The

Plaintiffs have relied on their assurances, while the Defendant has decidedly failed to follow through with them, despite the Plaintiff's persistently raising their concerns regarding the infringement on their easement rights the "Proposed Redevelopment Project at Florida Avenue at 8th and 9th Street NW" would necessarily entail.

## PARTIES

4. Friendship is a District of Columbia limited liability company that owns real property at 1919 9th Street NW in Washington, DC, which is located on Square 0393.

5. Renee' Fauntroy is a citizen of Washington, DC who owns real property at 1903 9th Street NW, which is located on Square 0393.

6. Mezgebu Cebeyehu is a citizen of Washington, DC who owns real property at 1909 9th Street NW, which is located on Square 0393.

7. Bezhad H. Khani is a citizen of Washington, DC who owns real property at 1913 9th Street NW, which is located on Square 0393.

8. Tameru Zemenfes is a citizen of Washington, DC who owns real property at 1915-1917 9th Street NW, which is located on Square 0393.

9. William Lewis is a citizen of Washington, DC who owns real property at 1905 9th Street NW, which is located on Square 0393.

10. FAR is a Delaware limited liability company that owns real property at 1924 8th Street NW in Washington, DC, which is located on Square 0393.

## JURISDICTION

11. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332(a).

12. Friendship is a citizen of the District of Columbia and FAR is a citizen of Delaware. The amount in controversy exceeds $75,000.00.

FACTS COMMON TO ALL COUNTS

13. In early 2008, Florida Avenue Residential, LLC (FAR) formed a joint venture with Banc of America Community Development Corporation and Banneker Ventures, LLC, to develop residential and retail space situated in the Ward 1 neighborhood of Shaw, located along three adjacent parcels on the 700 and 800 blocks of Florida Avenue, NW.

14. On January 18, 2012, Lauren Jezienicki of JBG Companies, the parent company of FAR, sent a letter to the DC Office of the Surveyor along with a permit request to close the alleyway running from Florida Ave. NW to T St. NW in the 1900 block of Square 393 ("alleyway").

15. On February 21, 2012, 9th Street property and business owner David Lindeman wrote a letter to the DC Office of the Surveyor expressing opposition to the proposed alleyway closing, providing a detailed diagram, which incorporated the proposed construction plans, in an attempt to demonstrate the inability of any vehicle larger than a small pick-up truck to access his property that would result if the construction under JBG's plan proceeded, stressing his primary concern was the negative impact this would have on his roofing business and other adjacent businesses that would lose the full use of the alley.

16. In March 2008 the Washington Metropolitan Area Transit Authority awarded Defendant the development rights to the site.

17. Shortly after being awarded the site, Defendant purchased two additional parcels along 9th Street, NW. The apartment complex will face 8th and 9th Streets, NW and Florida Avenue, NW.

18. The subsequent construction at this site resulted in the relocation and obstruction of the alleyway, which formerly ran from Florida Ave. NW to T St. NW.

19. Since January 2012, Lauren Jezienicki, an employee of JBG Companies (parent company of FAR), has been in contact with a number of property and business owners affected by the alleyway relocation and obstruction.

20. On or about March 19, 2012, Lauren Jezienicki distributed a document entitled "Temporary Access Plan for 1919 and 1923 9th Street" in response to a number of concerns that were raised by the 9th Street Property Owners Association regarding their ability to access to the alleyway. The document stated that the new plan will ensure "there will not be a time when the alley will be totally inaccessible" and that "the T Street entrance will remain clear for traffic."

21. On March 21, 2012, there was a meeting between the 9th Street Property Owners Association and JBG representative Lauren Jezienicki, at which a number of concerns were raised regarding the inaccessibility of the alleyway during construction.

22. On April 13, 2012, David Lindeman wrote a letter to Lauren Jezienicki expressing concern that the recently distributed "Temporary Access Plan for 1919 and 1923 9th Street" still rendered the area "unworkable for larger trucks."

23. On April 16, 2012, the 9th Street Property Owners Association sent an email to Lauren Jezienicki stating their collective opposition to JBG's proposed development plans, and submitted recommended changes.

24. On May 14, 2012, Dana and Palmer Jackson sent an email on behalf of the 9th Street Property Owners Association to a number of DC government officials stating their objections to the "Proposed Redevelopment Project at Florida Avenue at 8th and 9th Street NW" citing design flaws detrimental to them and inconsistent with their previously conveyed provisions.

25. On June 18, 2012, Lauren Jezienicki issued a statement to neighboring property owners, and DC government officials outlining strategies JBG intended to implement to reduce impacts to the neighboring property owners' properties.

    a. Specifically, Jezienicki stated that JGB was to: "provide owners with metal, sealed, rat-proof trash containers; pick up trash for commercial tenants that are unable to maneuver a trash hauler truck through the south end of the alley; and compensate property owners for expenses that are directly attributable to limited access to the north portion of the alley."

26. On February 15, 2013, FAR was granted a Declaration of Covenants and Easement (Declaration) by the District of Columbia, wherein DC granted FAR the right to build on the alleyway, and FAR agreed to grant a "non-exclusive perpetual surface easement for the benefit of the public."

27. It was stated in the Declaration "the Council of the District of Columbia found that said portion of the public alley system was unnecessary for alley purposes."

28. The area described in the Declaration to be replacing the alleyway, will be a 2,289 sq. ft. underground tunnel contained entirely within the property of Defendant. The underground tunnel a height maximum of 15 ft., that curves to the right at a roughly 100 degree angle, and has no point of exit other than its point of entry at 9th St. NW. The tunnel will be concealed by a large garage door, which the Defendant will have the right to keep closed as it sees fit.

29. As of June 15, 2015, FAR has yet to follow through on the assurances discussed in 13(a).

30. Construction by FAR at Florida Avenue at 8th and 9th Street NW" is ongoing as of June 15, 2015.

COUNT I

FRAUDULENT MISREPRESENTATION

31. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-30 herein.

32. Defendant made a false representation of a material fact by making false assurances that "there will not be a time when the alley will be totally inaccessible" and that "the T Street entrance will remain clear for traffic"; and by falsely promising to "provide owners with metal, sealed, rat-proof trash containers; pick up trash for commercial tenants that are unable to maneuver a trash hauler truck through the south end of the alley; and compensate property owners for expenses that are directly attributable to limited access to the north portion of the alley."

33. Defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true.

34. Defendant made the representation with the intent to deceive Plaintiffs;

35. Plaintiff justifiably relied on the representation;

36. Plaintiffs suffered economic damages as a result of their reliance on the representation.

WHEREFORE, Plaintiffs pray that this Honorable Court issue judgment in favor of Plaintiffs in the amount of $10,000,000.00, in consideration of the Defendant's misrepresentations, commensurate with the Defendant's violation of the easement rights to which the Plaintiffs and the citizens of the District of Columbia at large are entitled, and for such other relief as the Court deems just and proper.

## COUNT II

### CONVERSION OF EASEMENT RIGHTS

37. Plaintiffs incorporate by reference into this Count all of the allegations appearing in paragraphs 1-36 herein.

38. Plaintiffs seek to recover damages from Defendant for the alleged conversion of their easement rights to the formerly accessible alleyway located on Square 393.

39. Plaintiffs had a right to access the formerly public alleyway which may not be materially altered in equity;

40. Defendant has intentionally and substantially interfered with Plaintiff's property interests in a manner that amounts to depriving Plaintiffs of their easement rights;

41. Plaintiffs did not consent to Defendant's obstruction and relocation of the alleyway, and Defendants refused to acquiesce Plaintiffs request that they not interfere with their right to access to the alleyway.

4. Plaintiffs requested that their easement rights be reestablished but Defendant refused to do so.

WHEREFORE, Plaintiffs pray that this Honorable Court issue a declaratory judgment that Defendant has converted the easement rights of Plaintiffs and that Defendants have converted Plaintiffs' right of way in the public alleyway at issue in this case, and enter judgment in favor of Plaintiffs in the amount of $10,000,000.00, in consideration of the change of use of their properties due to the limited usage of the common alleyway, commensurate with the Defendant's violation of the easement rights to which the Plaintiffs and the citizens of the District of Columbia at large are entitled, and for such other relief as the Court deems just and proper.

Respectfully submitted,

Kenneth Rosenau,
D.C. Bar No. 342733
Rosenau LLP
1801 18th Street, NW
Washington, DC  20009
Tel:   (202) 387-8680
Fax:   (202) 387-8682
kenneth.rosenau@rosenaulaw.com